IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELINA WILSON, : | |
|    *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-5821 |
| : | |
| PHILADELPHIA DEPARTMENT OF : | |
| HUMAN SERVICES (DHS), : | |
|    *Defendant*. : | |

### MEMORANDUM

**Pappert, J.**                                                                                                                                   **December 15, 2025**

      Plaintiff Selina Wilson alleges that the Philadelphia Department of Human Services ("DHS") violated her constitutional rights in May of 2022 when they removed her grandchildren from her care. For the following reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss her Complaint.

I[1]

      Wilson is the maternal grandmother of two minor children. (Compl. at 1.) In May of 2022, DHS "wrongfully removed the children" from Wilson's care "without due process" and placed the children for adoption. (*Id*.) Wilson states that DHS discriminated against her because she was a grandmother and "failed to consider kinship placement or preserv[ing] family unity, despite federal and state requirements." (*Id*.) Wilson alleges that DHS's actions caused irreparable harm to her, her grandchildren, and their siblings, depriving them of "family bonds." (*Id*.) Based on these allegations, Wilson asserts a Fourteenth Amendment due process claim pursuant

---

[1] The following allegations are taken from the Complaint. (Dkt. No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

to 42 U.S.C. § 1983. She seeks money damages, a declaration that DHS's conduct is unconstitutional, an investigation into foster care conditions, and an order restoring her ability to seek visitation or kinship placement. (*Id.*)

II

The Court will grant Wilson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks whether the complaint, "liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court may dismiss claims based on an affirmative defense, such as the statute of limitations, if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

III

Wilson claims that DHS violated her due process rights when it removed her grandchildren from her care in May of 2022. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Pennsylvania's two-year statute of limitations applies to Wilson's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).[2]

It is apparent from the face of the Complaint that Wilson knew in May of 2022 that her grandchildren were removed from her care. Thus, Wilson's § 1983 claims against DHS based on the removal accrued in May of 2022. *See Bennett v. Susquehanna Cnty. Child. & Youth Servs.*, 592 F. App'x 81, 83 (3d Cir. 2014) ("Bennett's cause of action for all claims accrued at the time of the alleged unlawful seizure and withholding of her two minor children on November 18, 2009" and could not

---

[2] This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). Additionally, federal law permits equitable tolling of § 1983 claims: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

be saved by equitable tolling or the continuing violations doctrine); *Daniels v. Harper*, No. 23-3867, 2024 WL 580874, at *4 (E.D. Pa. Feb. 13, 2024) ("Plaintiffs' § 1983 claims accrued on the dates that their children were removed . . . because it is apparent that on those dates Plaintiffs knew that their minor children were being removed from their care."); *Moore v. Morrison*, No. 21-4100, 2022 WL 824102, at *5 (E.D. Pa. Mar. 18, 2022) (dismissing § 1983 claims as time-barred where the "amended complaint makes clear on its face that the plaintiffs knew at the time in January 2017 that their children were initially removed from their care" and thus "their claims related to the removal of their children started accruing at that time"). Since Wilson did not file this lawsuit until over three years after her claims accrued and the facts do not support a reasonable basis for equitable tolling, it is apparent from the face of the Complaint that the claims are time-barred.

IV

Accordingly, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice. Amendment would be futile as Wilson cannot cure the legal defects in her claims. A final order follows, which dismisses this case in full.

BY THE COURT:

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**